CONCURRING AND DISSENTING OPINION BY
JUDGE COSGROVE
As I believe Section 708(b)(28)(ii)(B) of the Right to Know Law (RTKL) is indeed a “stand alone” exemption, I must dissent from the Majority’s contrary holding. My belief is buttressed by our Supreme Court’s decision in PSEA III. In that case, the Court found a constitutionally protected privacy right in one’s home address. As such, given the lack of clarity in Section 708(b)(28)(ii)(B), any doubt about its meaning should fall in favor of protecting this particular species of privacy right.
While the Majority recognizes that PSEA III generally requires application of a balancing test before disclosure of *445 home addresses, and indeed is remanding this matter for that application, it need not do so in this case given the plausible interpretation of Section 708(b)(28)(ii)(B) as protecting the privacy of the workers in question. If these home addresses were intended to be subject to disclosure, the RTKL should specifically so state. At that point, the PSEA III balancing test would be appropriately applied. Without such a legislative statement, however, it is not for this Court to reach the conclusion it does. For these reasons, I respectfully dissent.
Judge McCullough joins in this concurring and dissenting opinion.